# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 4:07CR0727 CAS/TCM |
| CHRISTOPHER DONAHUE, | ) ) | |
| Defendant. | ) | |

## ORDER REVOKING DEFENDANT'S BOND

This criminal matter is before the undersigned on the opposed motion of the Government to revoke the bond of Defendant, Christopher Donahue. [Doc. 248]

On November 3, 2008, Defendant appeared before this Court for an arraignment and initial appearance. Defendant initially refused to provide his name to the Court, and did so only after being advised that the Court would not place him on bond if he did not properly identify himself. After an interview with the pretrial services officer, Defendant did provide his name to the Court. Subsequently, the Court adopted the bond previously set by the United States District Court for the Western District of Missouri. This process was extended by Defendant's failure to cooperate with his attorney and with the Court. The Court finds that Defendant intentionally delayed and frustrated the court proceedings at his arraignment.

On December 16, 2008, the Government moved to have Defendant psychiatrically examined due to his odd behavior in court. Following a hearing on the motion six days later, the Court ordered Defendant to be psychiatrically examined. For the convenience of

Defendant, the Court ordered that he be examined in Kansas City, Missouri, near his home. This order, entered on January 7, 2009, also required that Defendant cooperate with the examiner, Dr. John Wisner. The doctor's name and contact information was provided the Court by Defendant's counsel. Because Defendant failed to set up an appointment with Dr. Wisner, the pretrial services officer, Ms. Donna Wilkerson, contacted Defendant several times to remind him of his obligation to see Dr. Wisner. Defendant informed Ms. Wilkerson that his attorney had advised him that he did not need to cooperate with Dr. Wisner or to follow the Court's order. The Court finds that Mr. Ronald Jenkins, Defendant's counsel, did not make that statement to Defendant.

Defendant continued to delay contacting Dr. Wisner. On February 25, 2009, the Government filed the pending Motion to Revoke Bond. The next day, the Court set the motion for a hearing on March 19, 2009.

Eighteen days later, and three days before the hearing, Defendant finally contacted Dr. Wisner on March 16 and to set up an appointment for April 8, 2009.

At the March 19, 2009, hearing on the Government's Motion to Revoke Bond, Defendant was disruptive, vocal, and acted inappropriately.

Based upon the record herein and Defendant's failure to follow the Order of Court, the Court finds that Defendant is unable or unwilling to follow the conditions of bond. Accordingly,

**IT IS HEREBY ORDERED** that the Government's motion for bond to be revoked is **GRANTED**. [Doc. 248] Defendant's bond is hereby revoked.

**IT IS FURTHER ORDERED** that the Court's previous order for a private psychiatric exam by Dr. Wisner is vacated. By separate Order entered this date, the Court will direct that Defendant be examined while incarcerated.

/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 23rd day of March, 2009.