# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 4:07-CR-727 CAS |
| v. ) | |
| ) | |
| CHRISTOPHER DONAHUE, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This criminal matter is before the Court on several miscellaneous documents signed by defendant Christopher Donahue and mailed to the Court and to the Clerk of Court on defendant's behalf by other individuals who are not licensed attorneys. These documents are titled "Private Indemnity Bond," "Order of the Bond," "Notice of Appointment of Fiduciary Debtor," "Release of Lien on Real Property," "Release of Personal Property from Escrow," "Affidavit of Individual Surety," "Power of Attorney," "Notary's Certificate of Service," "Due Presentment Under Notary Seal Demand for Performance," "Declaration by Affidavit in Support of Conditional Acceptance," and "Memorandum of Law on the Name" in addition to cover letters.

As an initial matter, the Court notes that defendant is represented by appointed counsel, and therefore defendant should generally communicate with the Court or the Clerk through his counsel. "There is no constitutional or statutory right to simultaneously proceed pro se and with benefit of counsel." United States v. Agofsky, 20 F.3d 866, 872 (8th Cir.), cert. denied, 513 U.S. 909 (1994). "A district court has no obligation to entertain pro se motions filed by a represented party." Abdullah v. United States, 240 F.3d 683, 686 (8th Cir. 2001); Agofsky, 20 F.3d at 872 (holding that a court commits "no error" in refusing to rule on pro se motions raised by a represented party). In addition, a review of the materials submitted reveals that all of the documents listed above which were received by the undersigned, by United States Magistrate Judge Thomas C. Mummert, III, and by the Clerk of the Court, are legally frivolous and are irrelevant to this criminal matter.

For these reasons, the undersigned, Judge Mummert and the Clerk of the Court will discard the documents sent to them by or on defendant's behalf, and will not make them part of the Court file or take any action with respect to them. Defendant will be ordered to refrain from communicating directly with the Court and the Clerk, including by sending or having individuals other than his appointed counsel send similar documents to the Court or the Clerk, and shall only communicate with the Court and the Clerk through his appointed counsel. Defendant is advised that the Court and the Clerk will discard any similar documents or correspondence sent to them in the future by defendant or any individual acting on his behalf who is not defendant's appointed counsel, without filing the same and without further acknowledgment or notice.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Christopher Donahue shall refrain from communicating directly with either the undersigned, Judge Mummert, or the Clerk of the Court, including by sending or having any person other than his appointed counsel send correspondence or documents to the Court or the Clerk on his behalf.

**IT IS FURTHER ORDERED** that defendant Christopher Donahue shall only communicate with the Court or the Clerk through appointed counsel.

**IT IS FURTHER ORDERED** that the Court and the Clerk will discard any legally frivolous documents or correspondence sent to them in the future by defendant or by any person acting on defendant's behalf in this matter other than his appointed counsel, and will not file or acknowledge receipt of the same.

**IT IS FURTHER ORDERED** that defendant Christopher Donahue's appointed counsel shall provide a copy of this Order to defendant.

**IT IS HEREBY ORDERED** that the Clerk of the Court shall mail a copy of this Order to Darryl D. Banks, at 4741 Central Street, Suite 289, Kansas City, Missouri 64112; and to Kaye F. Murray, at 2929 Holmes #2, Kansas City, Missouri 64109.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  19th  day of May, 2009.